**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN C. BRUNO,**

        Petitioner,

  -vs-                                                    05-CV-301

**UNITED STATES OF AMERICA,**

        Respondent.
_____

**Thomas J. McAvoy, U.S.D.J.**

### DECISION & ORDER

**I. Introduction**

    Petitioner John C. Bruno moves pursuant to FED R. CIV. P. 59(e) for reconsideration of this Court's denial of his previous motion pursuant to 28 U.S.C. § 2255 seeking to have his sentence and conviction vacated. Petitioner alleges that the Court failed to appropriately consider the effect of the alleged perjury of one of the government's witnesses on the jury. The background of this case is detailed fully in the Court's previous habeas corpus denial, and will not be restated here. See Bruno v. United States, No. 05-CV-301 (N.D.N.Y. Oct. 17, 2005) (hereinafter "Habeas Opinion").

1

**II. Discussion**

**A. Standard**

To sustain a motion for reconsideration, Petitioner "'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" <u>Eisemann v. Greene</u>, 204 F.3d 393, 395 n. 2 (2d. Cir 2000)(quoting <u>Shamis v. Ambassador Factors Corp.</u>, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); <u>see also</u> <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 256-57 (2d Cir. 1995). Petitioner "may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented.'" <u>In re Application of the United States</u>, --- F. Supp. 2d ----, 2005 WL 2739208 at *7 (E.D.N.Y. Oct. 25, 2005) (quoting <u>Schonberger v. Serchuk</u>, 742 F.Supp. 108, 119 (S.D.N.Y. 1990)). "[T]he court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. Therefore, a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." <u>Shamis</u>, 187 F.R.D. at 151 (citations and internal quotation marks omitted).

**B. Analysis**

Petitioner does not point to controlling decisions overlooked by this Court. Petitioner also does not raise new factual allegations. Instead, he claims that the Court overlooked factual matters that were put before it in his previous motion. Petitioner

2

raises substantially the same arguments as he did in his previous motion.  Petitioner contends that, if the jury knew that government witnesses Joseph DallVechia was not honest in his testimony, it would have had reasonable doubt regarding Petitioner's guilt.  Specifically, Petitioner believes that testimony that he and DallVechia met before the crime was committed would have cast doubt onto DallVechia's entire testimony because DallVechia claimed not to have known Petitioner before the crime was committed.  Furthermore, Petitioner contends that because DallVechia was a key government witness, this doubt as to Dallvechia's credibility could have been damaging to the government's entire case against Petitioner.

    Petitioner is raising substantially the same claims that were already briefed, considered, and decided in the previous motion.  Therefore, Petitioner's motion for reargument is denied for that ground alone.  However, because the Court believes Petitioner to be somewhat confused as to the Court's reasoning in the previous decision, it will take this opportunity to explain its reasoning in the prior decision.

    Petitioner's entire claim here depends on the possible prejudice of DallVechia's alleged false statements and its potential effect on the jury.  However, it is highly unlikely that these statements had the effect Petitioner claims, given the statements made in his own pleadings.  As this Court noted,

3

Petitioner's own pleadings allege that "DallVechia stated that 'he had met [Petitioner] twice prior to the alleged hijacking.'" Habeas Opinion at 10. Accordingly, Petitioner is mistaken that DallVechia's testimony was uncontroverted. In fact, DallVechia himself controverted his own testimony. Id. Therefore, as this Court stated in the previous opinion, there was *direct* evidence before the jury that could have placed the truthfulness of DallVechia's statements, both in general and regarding this specific issue, in doubt. Id. There is a direct conflict uncovered in DallVechia's own testimony. Id. Thus, the deference given to the jury as a finder of fact was warranted.[1]

Petitioner reasserts his ineffective assistance of counsel claim for the same reasons stated in the previous motion. This Court directly dealt with Petitioner's arguments that his counsel failed to reasonably investigate DallVechia.

## III. Conclusion

For the foregoing reasons, Petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 30, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Furthermore, the jury was given a falsus in uno charge and, therefore, informed that it could conclude that one who testifies falsely about one thing also testified falsely about everything.

4